UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUAD/GRAPHICS, INC.,

    Plaintiff,

v.                                 Case No. 09-CV-99

ONE2ONE COMMUNICATIONS, LLC,
and BRUCE HEVERLY,

    Defendant and Third Party Plaintiffs,

v.

OPENFIRST LLC, ROBERT KRAFT,
RICHARD ZAGORSKI, CHARLES OLSZEWSKI,
SCOTT KOSSORIS, and JAMES NASH,

    Third Party Defendants.

## ORDER

The above captioned matter was filed with the court on January 29, 2009, and has been assigned to this branch of the court for further proceedings. In order to facilitate disposition of the case,

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 26(f), counsel for the parties shall confer within 21 days of the date of this order and shall, on or before **Friday, June 5, 2009**, file with the court a single joint written report, signed by counsel of record for each named party, that:

    1) addresses the potential for prompt resolution or settlement of the case, including referral to the assigned magistrate judge, or other third-party neutral mutually agreed upon by the parties, for one or more mediation/settlement conferences, both before as well as after completion of discovery;

2) addresses each of the four subparts in Fed. R. Civ. P. 26(f) including whether, and to the extent the parties have met their respective obligations with respect to initial disclosures required under Fed. R. Civ. P. 26, as well as mandatory discovery addressed in Civil L. R. 26.

**The parties shall also include a separate proposed scheduling order for the court's signature** that, pursuant to Fed. R. Civ. P. 16 and Civil L. R. 16.1, establishes firm calendar cutoff dates for: (1) naming additional parties or amendment of the pleadings without the necessity of seeking formal leave of the court to do so; (2) naming expert witnesses in accordance with the requirements of Fed. R. Civ. P. 26(a)(2) and Civil L. R. 26.1; (3) completion of all discovery; and (4) filing dispositive motions.

To avoid the unnecessary expenditure of resources associated with dispositive motions ultimately found lacking in merit owing to disputed issues of material fact, the court contemplates that counsel for the parties will confer well in advance of the agreed upon cutoff date for filing such motions with the goal of preparing and filing a single agreed statement of material facts for the benefit of both the court and the parties in briefing and adjudicating such motions. In the event the parties are unable to reach agreement with respect to all material facts, they remain free to submit separate additional proposed findings of fact consistent with the requirements of Civil L.R. 56.1 or 56.2.

**Counsel and the parties are directed to include in the proposed scheduling order language** that the court *will not* grant more than *one amendment* of the scheduling order to be filed in compliance with this order, and

2

then only if good cause is shown upon motion or stipulation of the parties filed with the clerk of the court not less than 60 days prior to the expiration of any cutoff date sought to be modified.

If, following summary judgment, disputed issues of fact remain and the case is not otherwise resolved through settlement, the court will, at that juncture, schedule the matter for a final pretrial conference and trial.

In the event counsel for the parties are unable to agree upon calendar cutoff dates to be included in the scheduling order, or for any other reason believe that a conference with the court would be beneficial, counsel should promptly notify the court and a conference will be scheduled.

Dated at Milwaukee, Wisconsin, on April 29, 2009.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge