# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

QUAD/GRAPHICS, INC.,

        Plaintiff,

v.

ONE2ONE COMMUNICATIONS, LLC,
and BRUCE HEVERLY,

        Defendants, Counterclaimants,
        Third Party Plaintiffs,

v.                                           Case No. 09-CV-99

OPENFIRST, LLC, ROBERT KRAFT,
RICHARD ZAGORSKI, CHARLES OLSZEWSKI,
SCOTT KOSSORIS, and JAMES NASH,

        Third Party Defendants.
   and

SENTRY INSURANCE A MUTUAL COMPANY,

        Intervenor.

## ORDER

On July 16, 2010, Sentry Insurance a Mutual Company ("Sentry") filed a Motion to Intervene, Bifurcate and Stay (Docket #45) pursuant to Federal Rules of Civil Procedure 7 and 24. The request to intervene is not opposed by any party. The request to bifurcate and stay, however, is disputed by One2One Communications, LLC and Bruce Heverly ("third party plaintiffs").

Intervention must be permitted upon timely application where a party "claims an interest relating to the property or transaction that is the subject of the action, and

is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). No final determinations or conclusive resolutions have been reached in this case and thus the court finds the motion timely. Sentry has an interest in the action because there are third party defendants seeking payment of defense from it. (Br. in Supp. 3) (Docket #46). Further, disposition without Sentry may impair its ability to protect its interest, and no other party will raise the coverage defenses which Sentry will pursue. Thus, the court must grant the motion as to intervention.

As to bifurcation and a stay, however, the court will deny that portion of the motion. A federal court may bifurcate a trial in the interests of "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Both parties cite to Wisconsin law, which may be persuasive, but is not controlling. The Supreme Court of Wisconsin does indeed encourage bifurcation for purposes of handling coverage issues, *see Reid v. Benz*, 245 Wis. 2d 658, 672, 629 N.W.2d 262 (2001), but granting such remains discretionary even under Wisconsin law. *St. Paul Fire & Marine Ins. Co. v. Burchard*, 25 Wis. 2d 288, 298, 130 N.W.2d 866 (1964).[1] In any event, bifurcation is discretionary unless doing so will prejudice the non-moving party

---

[1] The most that can be said regarding a mandate is that the insurance company ought to move for intervention, bifurcation, and a stay in order to eliminate the risk of breaching its duty to defend under Wisconsin law. *Reid*, 245 Wis. 2d at 672. Sentry has satisfied that advice here.

or violate the Seventh Amendment. *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007).

Sentry argues that bifurcation of the coverage issue will promote judicial economy and streamline the litigation. It cites benefits such as preventing a free defense, no risk of breaching the duty to defend, and the insured will quickly learn whether coverage for the claims exists. However, Sentry's rebuttal to third party plaintiffs' claim that it had not provided adequate reason for the court to exercise its discretion in fact illuminates reasons why the court should not bifurcate. Sentry is essentially prepared to file a dispositive motion and, in fact, points out that most coverage issues are typically decided on summary judgment, often without resort to a jury trial. (Reply Br. 4) (Docket #56). Nothing prevents Sentry from filing a dispositive motion after the court grants intervention, and Sentry itself indicates it can do so with little delay. *Id.* at 4-5, 6-7. Bifurcation and a stay would, instead, tack on additional litigation time, thereby running counter to judicial economy and even possibly prejudicing the third party plaintiffs. And, to the extent that coverage issues cannot be resolved through motion practice, requiring a further trial prior to trying the merits is further counter to economy and likely to prejudice third party plaintiffs more so. Thus, the court finds the wiser exercise of discretion to deny bifurcation. Because the court sees fit to deny bifurcation, there is no reason to enter a stay.

Accordingly,

**IT IS ORDERED** that the movant's Motion to Intervene, Bifurcate and Stay (Docket #45) be and the same is hereby **GRANTED in part** and **DENIED in part**: the movant's motion to intervene be and the same is hereby **GRANTED**; the movant's motions to bifurcate and stay be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge