# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

QUAD/GRAPHICS, INC.,

        Plaintiff,

   v.

ONE2ONE COMMUNICATIONS, LLC,
and BRUCE HEVERLY,

        Defendants, Counterclaimants,
        Third Party Plaintiffs,

   v.                                  Case No.  09-CV-99

OPENFIRST, LLC, ROBERT KRAFT,
RICHARD ZAGORSKI, CHARLES OLSZEWSKI,
SCOTT KOSSORIS, and JAMES NASH,

        Third Party Defendants.

   and

SENTRY INSURANCE A MUTUAL COMPANY,

        Intervenor

---

# ORDER

On February 28, 2011, defendants One2One Communications, LLC and Bruce Heverly (collectively, "One2One") filed an expedited Motion to Amend Counterclaim and Third-Party Complaint (Docket #93).  The motion requests three amendments:  (1) addition of an allegation of negligent slander; (2) a direct claim against intervenor Sentry Insurance a Mutual Company ("Sentry"); and (3) the addition of two new third-party defendant insurance companies, Westchester Fire Insurance Company and RSUI Indemnity Company.  The individual third-party

defendants, Robert Kraft, Richard Zagorski, Charles Olszewski, Scott Kossoris, and James Nash (collectively, "individual third-party defendants") have filed a brief supporting One2One's motion. Sentry has submitted a brief in opposition. The court originally set a deadline of July 1, 2009, for amending pleadings in its June 17, 2009 Scheduling Order (Docket #19).

Under Federal Rule of Civil Procedure 15, a party may amend its pleading upon receiving leave of the court, to be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). However, "[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. P. 16(b)). That standard "primarily considers the diligence of the party seeking amendment." *Id.* (internal quotation omitted). Failure to timely amend a complaint, despite awareness of the underlying facts, may show a lack of diligence. *See id.* Even under the Rule 16 standard, leave to amend remains discretionary with the district court. *See id.* (reviewing for abuse of discretion).

As to the first issue, the court finds no good cause to permit One2One to amend its counterclaim and third-party complaint to allege negligent slander. One2One points to no new facts or other circumstances justifying its lack of diligence in asserting negligent slander in addition to its original allegation of intentional slander against the individual third-party defendants. One2One does not identify the

good cause standard or attempt to argue its satisfaction, and neither the arguments it does make, nor the circumstances apparent to the court, satisfy the standard. One2One focuses a great deal of its argument on the fact that Quad only belatedly provided discovery on its insurance coverage, and argues that there was no undue delay, bad faith, or dilatory motive, nor will there be prejudice to the new insurance companies. One2One also argues amendment would not be futile. What One2One does not touch, however, are the circumstances surrounding the addition of a claim for negligent slander. As Sentry points out, One2One seeks to make this amendment roughly twenty months after expiration of the scheduling order's deadline. The only reason for addition of this claim seems to be in the face of Sentry's assertion that it need not provide coverage to the individual third-party defendants in the case of intentional slander. In other words, the amendment appears aimed solely at implicating insurance coverage. That is not good cause. Had One2One believed the individual defendants could be held liable for negligent slander, they had the facts to allege so much sooner. Thus, the court will deny the amendment to that extent.

As to the addition of Sentry and two other insurance companies as third-party defendants, the court will grant that request. Wisconsin statute provides for direct action against insurance companies. Wis. Stat. § 632.24. Because Quad belatedly provided discovery on insurance coverage, that is, on December 21, 2010, there is no indication that One2One has failed in its diligence to add these parties. To the

extent that One2One's claim would be futile against Sentry without the addition of negligent slander, that issue will be resolved in Sentry's currently pending motion for summary judgment.

Accordingly,

**IT IS ORDERED** that the defendants' Motion to Amend Counterclaim and Third-Party Complaint (Docket #93) be and the same is hereby **GRANTED in part** and **DENIED in part**; defendants may submit a revised Amended Counterclaim and Third-Party Complaint adding Sentry Insurance a Mutual Company, Westchester Fire Insurance Company, and RSUI Indemnity Company as third-party defendants, but without any additional counterclaims or third-party claims for negligent slander.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge