# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

QUAD/GRAPHICS, INC.,

    Plaintiff,

v.

ONE2ONE COMMUNICATIONS, LLC, and
BRUCE HEVERLY,

    Defendants and Third-Party Plaintiffs,

v.

OPENFIRST, LLC, ROBERT KRAFT,
RICHARD ZAGORSKI, CHARLES OLSZEWSKI,
SCOTT KOSSORIS, and JAMES NASH

    Third-Party Defendants,
  and

SENTRY INSURANCE A MUTUAL COMPANY

    Intervenor.

Case No. 09-CV-99

## ORDER

On March 1, 2011, intervenor Sentry Insurance a Mutual Company ("Sentry") filed a Motion for Summary Judgment (Docket #96). That motion requests judgment declaring that it has no duty to defend or indemnify third-party defendants Robert Kraft, Richard Zagorski, Charles Olszewski, Scott Kossoris, and James Nash (collectively, "Management Group") for claims alleged in this action. Only the Management Group filed any papers in opposition to the motion. However, as the

Management Group essentially concedes, Sentry is entitled to judgment as a matter of law.

**BACKGROUND**

The following facts are undisputed. Sentry submitted this motion after intervention in this case subsequent to defendants One2One Communications, LLC's ("One2One") and Bruce Heverly's ("Heverly") third-party complaint (Docket #5) against the Management Group alleging a range of claims. Count one alleges slander; count two seeks damages under Wisconsin statute; count five alleges unlawful and unfair interference with contractual rights; count six alleges interference with prospective economic advantage; and count seven alleges unjust enrichment. The remaining counts make no allegations against the Management Group. Specifically, the first count, claiming slander, is based on statements allegedly made by the Management Group on March 1, 2007. (Third-Party Compl. 32, ¶ 11) (Docket #5).[1] The complaint alleges that the "statements made by [the Management Group] on March 1, 2007 were slanderous *per se* and were willfully made with an intent to defame the character and reputation of Bruce Heverly in the business to which he had devoted his professional career." (Third-Party Compl. 32, ¶ 11). One2One and Heverly allege that the "slanderous statements made to the clients of One2One and others were calculated to injure Heverly's reputation in his trade and business and

---

[1]The court notes that, because the third-party complaint was included with One2One's and Heverly's answer and counterclaims, the third-party complaint incorporates some paragraphs from the answer and counterclaim, while the paragraph numbering restarts. As such, the court includes both a page and paragraph number.

the good reputation which he had developed with individuals and companies throughout his professional career." (Third-Party Compl. 20, ¶ 78).

Sentry issued a liability insurance policy to plaintiff Quad/Graphics, Inc. ("Quad") for the period from June 30, 2006, to June 30, 2007, naming both Quad and third-party defendant Openfirst LLC ("Openfirst") as insureds, but not individual members of the Management Group. (Sentry's Proposed Material Facts [hereinafter Sentry's PMF] ¶¶ 10-12) (Docket #99). Here, the Management Group seeks coverage as "executive directors," officers, "employees" or managers of the insured. (Sentry's PMF ¶ 13). The relevant policy language is as follows:

> SECTION I - COVERAGES
>
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. INSURING AGREEMENT
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
>    . . .
>
> COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY
>
> 1. INSURING AGREEMENT
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will

have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B, or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. EXCLUSIONS

This insurance does not apply to:

a. KNOWING VIOLATION OF RIGHTS OF ANOTHER

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

b. MATERIAL PUBLISHED WITH KNOWLEDGE OF FALSITY

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

. . .

SECTION V - DEFINITIONS

. . .

14. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

(Sentry's PMF ¶ 14). The Management Group tendered the third-party complaint to Sentry seeking defense and indemnity under the policy, which Sentry accepted notwithstanding its position that the policy does not provide coverage for the claims at issue. (Sentry's PMF ¶¶ 16-17). Sentry reserved its right to deny coverage and withdraw from defense. (Sentry's PMF ¶ 18). On October 20, 2010, Sentry filed a Complaint for Declaratory Relief (Docket #69), alleging a lack of policy coverage.

Prior to resolution of this motion, the court issued its March 30, 2011 Order (Docket #111) granting One2One's and Heverly's motion to amend its counterclaim and third-party complaint by adding certain third-party defendants, but denying its motion to add allegations of negligent slander. In that order, the court found a lack of good cause to permit the addition of such allegations, noting that no new facts or other circumstances justified the lack of diligence in asserting negligent slander, as the facts to do so had been in its possession for some time. (March 30, 2011 Order 2-3).

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In other words, in determining whether a genuine issue of material fact exists, the court must construe all reasonable inferences in favor of the non-movant. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983).

**ANALYSIS**

Because the allegations contained in the third-party complaint, even if proven, would not qualify for coverage under the insurance policy, the court will grant Sentry's motion for summary judgment. In Wisconsin, the duty to defend an insured "is determined by comparing the allegations of the complaint to the terms of the insurance policy." *Estate of Sustache v. Am. Family Mut. Ins. Co.*, 2008 WI 87, ¶ 20, 311 Wis. 2d 548, 751 N.W.2d 845. The duty is "triggered by the allegations contained within the four corners of the complaint." *Id.* In other words, the duty exists only where, if the allegations were proven, the insurer would be required to pay the judgment. *School Dist. of Shorewood v. Wausau Ins. Cos.*, 488 N.W.2d 82, 87-88 (Wis. 1992). Further, where the terms of a policy are unambiguous, courts need not resort to construction or case law to support the plain meaning. *Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 86, ¶ 20, 311 Wis. 2d 492, 753 N.W.2d 448. As to indemnification, that duty is narrower than the duty to defend, thus, where there is no duty to defend there is clearly no duty to indemnify. *See Estate of Sustache*, 2008 WI 87, ¶ 20; *Hoffman, LLC v. Cmty. Living Solutions, LLC*, 2011 WI App 19, ¶ 11. It is the insured's burden to prove coverage for a claim. *Kenefick v. Hitchcock*, 522 N.W.2d 261, 264 (Wis. App. 1994).

The Management Group concedes that no count in the third-party complaint aside from the first (slander) would give rise to coverage under the insurance policy. Thus, Sentry is entitled to judgment on all claims but the first for that reason alone. As to slander, the allegations contained in the complaint clearly assert that the

statements were made with knowledge of their falsity, and with knowledge that they would violate Heverly's rights. Paragraph eleven of the third-party complaint, and the incorporated paragraph 78 from the answer and counterclaim both allege that the Management Group made the statements at issue "willfully," with "intent to defame," and were "calculated to injure Heverly's reputation." Because defamation is, by definition, a false statement, *Hart v. Bennet*, 2003 WI App 231, ¶ 23, 267 Wis. 2d 919, 672 N.W.2d 306, these allegations implicitly assert that the Management Group knew the statements were false. Further, the alleged intent and calculation to injure implicitly assert knowledge that Heverly's rights would be violated. In turn, the policy specifically excludes coverage for oral or written presentation that slanders or libels a person or organization, or their goods or services, when done with knowledge that the person's rights would be violated and the injury would occur, or when done with knowledge of the statement's falsity. Thus, the allegations contained in the third-party complaint very clearly fall within the policy exclusions. As such, Sentry is entitled to summary judgment as to the slander claim as well.

The Management Group, for the most part, does not contest that the allegations in the complaint impart no duty to defend upon Sentry. However, they allude to the possibility that Heverly might ultimately still be able to recover for negligent slander unless the court clarifies that its prior order denying amendment forecloses any such recovery. The court sees no reason to make such a declaration, particularly without

the benefit of briefing. Instead, it is sufficient for current purposes that the complaint forecloses any duty to defend or indemnify on the part of Sentry.[2]

Accordingly,

**IT IS ORDERED** that the intervenor's Motion for Summary Judgment (Docket #96) be and the same is hereby **GRANTED**; it is hereby **DECLARED** that the intervenor, Sentry Insurance a Mutual Company, has no obligation to defend or indemnify third-party defendants Robert Kraft, Richard Zagorski, Charles Olszewski, Scott Kossoris, and James Nash against the claims asserted by defendants in the underlying third-party complaint.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2]This is not to imply that One2One and Heverly may still ultimately recover for negligent slander, but rather there is no need to address the issue here.