UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QUAD/GRAPHICS, INC., | |
| Plaintiff, | |
| v. | Case No. 09-CV-99-JPS |
| ONE2ONE COMMUNICATIONS LLC, and BRUCE HEVERLY | |
| Defendants and Third-Party Plaintiffs, | |
| v. | |
| OPENFIRST LLC, ROBERT KRAFT, RICHARD ZAGORSKI, CHARLES OLSZEWSKI, SCOTT KOSSORIS, and JAMES NASH | ORDER |
| Third-Party Defendants, | |
| and | |
| WESTCHESTER FIRE INSURANCE COMPANY, | |
| Intervenor. | |

On December 23, 2011, a jury returned a verdict after trial on the claims and counterclaims between the plaintiff, defendants, and the third-party defendants. Before the court submitted the case to the jury, the parties made various motions for judgment as a matter of law under Federal Rule of Civil Procedure 50 which the court took under advisement. At issue here are defendants One2One Communications' and Bruce Heverly's (collectively, "One2One") motion for judgment as a matter of law as to plaintiff Quad/Graphics, Inc.'s ("Quad") alleged lack of standing. One2One argues

that Quad failed to establish a valid assignment of claims from Openfirst LLC ("Openfirst") to Quad that would entitle it to an entry of judgment on the verdict. Because the court concludes that One2One waived any opposition to Quad's standing, it will deny the motion as to Quad's standing and issue judgment.

Here, One2One raised Quad's alleged lack of standing as its third affirmative defense. (Ans. & Countercl. 7) (Docket #4). However, the Joint Final Pretrial Report included sections concerning the summary of facts, claims and defenses, statement of the issues, and proposed jury instructions. (Joint FPT Rep.) (Docket #160). The "Summary of Facts, Claims and Defenses" section contains no reference to a lack of assignment or lack of standing defense, and actually states "Quad (which has been assigned Openfirst's rights in this matter) brought suit against One2One and Heverly." (Joint FPT Rep. 3). Likewise, the "Statement of the Issues" section contains no reference to trying the issue of whether Quad had a valid assignment of claims from Openfirst. (Joint FPT Rep. 3-5). The attached proposed jury instructions and verdict form do not ask the jurors to decide whether Quad had a valid assignment of claims, and the final jury instructions (negotiated and approved by all parties) in fact state that "Quad/Graphics (standing in the place of Openfirst, LLC f/k/a Openfirst, Inc.) claims that Bruce Heverly and One2One Communications were representing Openfirst as a sales agent." (Jury Instructions 11) (Docket #203). However, the court entered no formal final pretrial order. On the other hand, it did previously enter a Trial Scheduling Order requiring a "summary of the elements underlying each claim and defense to be adjudicated" as well as inclusion of the same in joint proposed jury instructions. (Trial Sched. Order

Page 2 of 7

Case 2:09-cv-00099-JPS   Filed 01/31/12   Page 2 of 7   Document 212

2) (Docket #136). Quad does not otherwise dispute that it introduced no evidence of assignment at trial.

After a party is fully heard on an issue at trial, the court may resolve the issue and grant a motion for judgment as a matter of law against that party where it finds a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. Fed. R. Civ. P. 50(a)(1). One2One argues that Quad failed to introduce any evidence that it holds a valid assignment of claims from Openfirst, the party against whom the jury found One2One committed the offensive conduct. As such, Quad would lack standing to recover because without an assignment it would have suffered no injury. *See Kochert v. Greater Lafayette Health Servs., Inc.*, 463 F.3d 710, 714 (7th Cir. 2006) (describing standing as "injury in fact plus redressability"). In turn, Quad argues that One2One cannot raise the issue at this stage because it not only failed to raise the issue in the joint final pretrial report, but actually indicated that it was not disputed. Thus, resolution of this motion turns primarily on whether One2One waived the issue for trial.

Among topics to consider at a pretrial conference are the formulation and simplification of issues and the elimination of frivolous claims or defenses, obtainment of admission and stipulations about facts to avoid unnecessary proof, and any other facilitation of just, speedy, and inexpensive disposition of the case. Fed. R. Civ. P. 16(c)(2)(A), (C), (P). Under the local rules, parties are required to file a final pretrial report before a final pretrial conference, and that report is required to include, *inter alia*, a summary of the facts, claims and defenses, a statement of the issues, and proposed jury instructions. Civil L. R. 16(c)(1). Further, courts are typically expected to issue an order after a pretrial conference, including a final pretrial conference, and such orders control the course of action. Fed. R. Civ. P.

16(d), (e). "Because the parties rely on the pretrial conference to inform them precisely what is in controversy, the pretrial order is treated as superseding the pleadings." *Gorlikowski v. Tolbert*, 52 F.3d 1439, 1443-44 (7th Cir. 1995). Thus, attorneys "at a pre-trial conference" are expected to fully disclose the issues they believe need to be tried in order to "clarify the real nature of the dispute at issue." *Id.* at 1444. Because a final pretrial order is meant to "conclusively fix the issues that remain to be litigated," any issues not included in such are typically considered waived. *Permasteelisa CS Corp. v Airolite Co., LLC*, No. 06-CV-569, 2008 WL 2491747, at *3 (S.D. Ohio June 18, 2008); *see also Ghandi v. Police Dep't of City of Detroit*, 823 F.2d 959, 962-63 (6th Cir. 1987) (pretrial order controlled and thus claims not included, though included in complaint, were not preserved for trial). The Seventh Circuit has also held that where the pretrial order is vague, a party waives claims, even if contained in the complaint, where they fail to object to their exclusion from the jury instructions. *Wilson v. Kelkhoff*, 86 F.3d 1438, 1442-43 (7th Cir. 1996). Similarly, the First Circuit has held that where a joint pretrial report (rather than order) contained an "undisputed fact" contradicting an argument asserted only on appeal, the appellant had waived the argument by not disputing the fact in the pretrial report. *Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of Puerto Rico, Inc.*, 167 F.3d 1, 12 (1st Cir. 1999).

Here, it becomes clear to the court that, while no "final pretrial order" was entered under Rule 16, the purpose of the final pretrial conference, combined with the final pretrial report constructed and submitted jointly, serve essentially the same purpose: that is, to determine the actual issues to be litigated. This understanding is bolstered by the court's Trial Scheduling Order which stated that the final pretrial report was *required* to include a "summary of the elements underlying each claim and defense *to be*

*adjudicated*," and that the same was to be included in the joint proposed jury instructions. This understanding guides the court's decision after analyzing the contents of the final pretrial report and proposed (as well as final) jury instructions. Because One2One explicitly agreed to include language that includes the operative presumption that Quad stood in the shoes of Openfirst, it cannot now complain that Quad failed to prove that at trial. It is true that this agreement was not the subject of a formal stipulation, but it was clearly raised during proceedings meant to narrow and simplify the trial and One2One did not object. Given the purpose of the report and conference, the summary of facts and issues is presumptively undisputed unless noted.[1] Moreover, the failure to object to the jury instructions bolsters the finding of waiver. It would fly in the face of the purpose of pretrial proceedings to hold that Quad failed to prove standing. The goal of final pretrial procedures is to avoid surprise, and to hold that Quad failed to prove standing, where it clearly operated under the understanding that One2One did not dispute the assignment of claims, would in fact *create* unfair surprise.

One2One argues that the party bearing the burden of proof is the one that must identify an issue to be tried in a pretrial stipulation, and that the opposing party does not waive the issue, by failing to list it. For this proposition, One2One cites a Fifth Circuit case in which a Florida statute required a party to present a notice of claim prior to filing a lawsuit against a county government. *Pac. Indem. Co. v. Broward Cnty.*, 465 F.2d 99, 101 (5th Cir. 1972). In that case, the plaintiff, a property damage insurer, sued both the defendant county as well as a defendant whom rented the property from

---

[1] In fact, those portions as to which disagreement arose were the subject of briefing, as required by the Trial Scheduling Order.

the county.  *Id.* at 100.  The defendant renter cross-claimed against the county, and both the plaintiff and renter needed to satisfy the notice requirement in order to succeed on their claims.  *Id.* at 101.  The issue never arose during any pretrial proceedings and when the time came for the parties to enter a pretrial stipulation regarding undisputed facts, the defendant renter did not set forth an allegation of notice as a stipulated fact.  *Id.*  Moreover, neither the defendant renter nor the county included the question in their list of issues for determination at trial.  *Id.*  However, though ignored by One2One's discussion, the stipulation *did include* agreement as to the plaintiff's satisfaction of the statutorily required notice.  *Id.* at 101 n.2.  The defendant renter never raised the issue of notice at trial.  *Id.* at 101.  After a jury returned a verdict in favor of the renter, the court ultimately granted judgment notwithstanding the verdict for the county for failure to prove compliance with the notice provision.  *Id.*  On appeal, the Fifth Circuit noted that while a pretrial order may supersede the pleadings, no rule "suggests that a party waives or admits an issue as to which his opponent has the burden of proof by failing to include the issue in his pre-trial stipulated list of remaining issues."  *Id.* at 103.  The court noted that a failure to include an issue in a pretrial order usually precludes proof at trial to the detriment of the party carrying the burden.  *Id.*  Thus, because the defendant renter had the burden of proof, failed to include the issue in the pretrial order, had no stipulation as to the issue, and did not attempt to try the issue, the court rejected the renter's argument that the county had waived its opposition to proper notice.  *Id.* at 104.  The court wrote that to hold "that the County waived statutory notice because the County failed to remind [the renter] in the pre-trial stipulation that [the renter] still had to provide that it had given the County notice would strain the logic of our adversarial system."  *Id.*

The court does not disagree with *Pacific Indemnity*, but notes a critical distinction. In that case there was simply no mention of the issue in question, and because the plaintiff bore the burden of proving it, it would not make sense to penalize the defendant for not discussing something the plaintiff was required to discuss. However, here, One2One's affirmative approval of final pretrial documents indicating that the assignment issue was *not* in dispute presents a distinction in that Quad clearly *did* mention the issue, and One2One either agreed, at the time, or at the least failed to object. Thus, the situation is not one in which the court is penalizing One2One for failing to do Quad's job for it by bringing a material issue to Quad's attention after Quad's failure to mention it; instead, Quad clearly dealt with the issue, and One2One assented to its presumption of satisfaction without trial. As such, the court will deny One2One's motion with regard to entering judgment as a matter of law. A judgment will issue forthwith.

Accordingly,

IT IS ORDERED that the defendants' motion for judgment as a matter of law as to the plaintiff's lack of standing be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge